**21SL-CC03638**

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| ABRAHAM LIZAMA, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. |
| vs. | ) ) | Division: |
| MICHAELS STORES, INC. | ) ) | |
| Serve:  Registered Agent | ) | JURY TRIAL DEMANDED |
|         CSC-LAWYERS INCORPORATING | ) | |
|         SERVICE COMPANY | ) | |
|         221 Bolivar St. | ) | |
|         Jefferson City, MO 65101 | ) | |
| | ) | |
|         Defendant. | ) | |

## CLASS ACTION PETITION FOR DAMAGES

COME NOW Plaintiff Abraham Lizama, and brings this action on behalf of himself and all others similarly situated ("Class") against Defendant Michaels Stores, Inc. (otherwise referred to as "Michaels" or "Defendant"); and, upon information and belief, alleges as follows:

## INTRODUCTION

1.    Missouri law requires retailers to charge sales or use tax on the sales of their products to Missouri purchasers.

2.    Missouri state law mandates that retailers with tax nexus charge a use tax on sales of their products through remote means, including an internet website, telephone, catalog or other remote communications systems (collectively, "remote sales channel(s)") to Missouri purchasers that are shipped from an out-of-state facility.  The state use tax rate for these sales is 4.225%. There are also additional local use taxes that are imposed on sales made through remote sales channels based on the delivery address of the Missouri purchasers.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

3.      Michaels illegally and erroneously overcharges "tax" monies at a higher tax rate than the correct applicable use tax rate on products purchased through remote sales channels, including from Michaels's internet website, that are shipped to Missouri customers from an out-of-state facility, resulting in the overcollection of monies from Missouri consumers.

## PARTIES

4.      At all relevant times, Plaintiff was and is a Missouri citizen residing in Missouri.

5.      This is an action brought directly by Plaintiff against Defendant.

6.      Michaels is a Texas corporation with its principal place of business at 3939 W John Carpenter Fwy, Irving, Texas 75063.  Michaels is an American company that is one of North America's largest providers of arts, crafts, framing, floral and wall décor, and merchandise for makers and do-it-yourself home decorators.  Michaels sells its merchandise though its retail stores and online.

7.      Michaels conducts, and at all relevant times, has conducted business in St. Louis County through remote sales channels, including making sales through its internet website.

## JUISDICTION & VENUE

8.      This Court has personal jurisdiction over Michaels because the acts and/or omissions which are the subject of this litigation occurred in St. Louis County, Missouri, and Defendant regularly conducts business in St. Louis County, Missouri.

9.      Venue is proper in St. Louis County, Missouri pursuant to Missouri Revised Statute § 508.010.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1341.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

## FACTUAL ALLEGATIONS

11.     Plaintiff brings this action on behalf of himself and a proposed class of Missouri residents who purchased products for personal, family, or household use from Michaels through remote sales channels, including its internet website, that were shipped from an out-of-state facility to the purchasers' delivery addresses in Missouri and were charged "tax" monies at a higher tax rate than the correct applicable use tax rate.

12.     Missouri law mandates that retailers with tax nexus charge a cumulative state and local use tax rate on sales of their products through remote sales channels that are shipped to Missouri purchasers from an out-of-state facility to a delivery address in Missouri.

13.     Title X of the Missouri Taxation and Revenue, Chapter 144, sets forth the statutory scheme for the state of Missouri for the collection of sales and use tax.  Chapter 144 is divided into two basic parts: (1) The Sale Tax Law set forth in §144.010 to §144.525; and (2) The Compensating Use Tax Law set forth in §144.600 through §144.761.

14.     Missouri Revised Statutes § 144.020.1 provides "a tax is hereby levied and imposed…upon all sellers for the privilege of engaging in the business of selling personal property …at retail in this state."

15.     Section 144.020 imposes a sales tax on the sale of tangible personal property between a Missouri seller and Missouri purchaser.

16.     Upon determination that a sale is subject to sales tax, the tax rate on intrastate sales is calculated by adding the state sales tax rate of 4.225% and any applicable local sales tax rate imposed by the local tax jurisdiction(s) in which the retail store making the sale is located.

17.     Section 144.030.1 provides for an exemption from sales tax "for retail sales as may be made in commerce between this state and any other state of the United States, or between this

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

state and any foreign country, and any retail sales which the state of Missouri is prohibited from taxing pursuant to the Constitution or laws of the United States of America."  This provision in §144.030.1 is commonly known as the Missouri statutory "in commerce" exemption.

18.     This Missouri statutory "in commerce" exemption provides an exemption from Missouri sales tax for any interstate, in-bound retail sales made between a seller from a non-Missouri location and a Missouri purchaser where the seller delivers the purchased tangible personal property from outside the state of Missouri to the purchaser's delivery address in Missouri.

19.      While interstate, in-bound retail sales transactions involving sellers of tangible personal property from a non-Missouri location to Missouri purchasers at a Missouri delivery address are exempt from sales tax pursuant to the statutory "in-commerce" exemption set forth in § 144.030.1, such sales are subject to Missouri's compensating use tax law as set forth in §144.600 through §144.761.

20.     Section 144.610.1 imposes a use tax on "the privilege of storing, using or consuming within this state any article of tangible personal property."

21.     The use tax is a compensating, or complementary, tax imposed on the purchase of tangible personal property otherwise exempt from sales tax pursuant to, inter alia, the statutory "in commerce" exemption.

22.     Accordingly, any taxable sales transaction involving the in-bound shipment of tangible personal property from an out-of-state location to a purchaser in Missouri that is exempted from sales tax by Missouri's statutory "in commerce" exemption is subject to the compensating use tax.

4

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

23.    Section 144.635 requires every seller with tax nexus in Missouri that is delivering tangible personal property from a non-Missouri location to Missouri purchasers at a Missouri delivery address to collect and remit the applicable use tax from the Missouri purchasers.  Under Missouri's sales/use tax statutory scheme, this is known as the collection of "vendors' use tax."

24.    Upon determination that a sale is subject to use tax, the use tax rate is calculated by adding the state use tax rate of 4.225% and any applicable local use tax rate in effect at the delivery address of the Missouri purchaser.

25.    Despite clear Missouri law to the contrary, Michaels has charged in the past, and on information and belief continues to charge, excess "tax" on sales of its products through remote sales channels, including Michaels' internet website, to Missouri purchasers that are shipped from an out-of-state facility to a Missouri delivery address.

26.    Plaintiff brings this class action on behalf of himself and all persons and entities who, during the five-year period before the filing of this Petition, purchased a product from Michaels for personal, family, or household use through remote sales channels, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and who were charged tax monies at a higher tax rate than the correct applicable use tax rate.

<strong><u>NAMED PLAINTIFF ALLEGATIONS</u></strong>

27.    On July 14, 2021, Plaintiff Abraham Lizama purchased two (2) LEGO Technic Jam Grave Digger Set and two (2) 12.6" Gray Willow Planter with Legs by Ashland from Michaels's website, www.michaels.com, for personal, family or household use for delivery to 15596 Valley Branch Drive, Chesterfield, Missouri 63017.

28.    Plaintiff's purchase of the LEGO Technic Jam Grave Digger Sets and 12.6" Gray Willow Planters with Legs by Ashland were shipped from Texas.

5

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

29.     According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 15596 Valley Branch Drive, Chesterfield, Missouri 63017 on July 14, 2021 is 4.225%.

30.     When Plaintiff purchased the LEGO Technic Jam Grave Digger Sets and 12.6" Gray Willow Planters with Legs by Ashland on July 14, 2021, Michaels required Plaintiff Lizama to pay an 8.748% tax rate, resulting in the overcollection of monies.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action pursuant to Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3 on behalf of himself and a class defined as follows:

> All persons and entities who, during the five-year period before the filing of this Petition, purchased a product from Michaels for personal, family or household use through a remote sales channel, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and were charged tax monies at a higher tax rate rather than the lower use tax rate.

> Excluded from the class are:

> i.     Defendant, any entity in which a Defendant has a controlling interest or which has a controlling interest in a Defendant, and Defendant's legal representatives, predecessors, successors, assigns, and employees;

> ii.    Counsel and members of the immediate family of counsel for Plaintiff herein; and

> iii.   The judge and staff to whom this case was assigned, and any member of the judge's immediate family.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

32.     Plaintiff reserves the right to revise this definition of the class based on facts he learns during discovery.

33.     Plaintiff brings this action on his own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3.

34.     Plaintiff is a member of the Class because, during the Class Period, he purchased a product for personal, family or household use from Michaels' website that was delivered from an out-of-state facility to Plaintiff's Missouri delivery address and was charged tax monies at a higher tax rate rather than the lower use tax rate.

35.     Plaintiff, on information and belief, asserts that, during the Class Period, thousands of Class members have similarly purchased numerous other products from Michaels through remote sales channels, including its internet website, that were delivered from an out-of-state facility to a Missouri delivery address and were illegally and erroneously charged tax monies at a higher tax rate rather than the lower use tax rate.

36.     The particular members of the Class are capable of being described without difficult managerial or administrative problems.  The members of the Class are readily identifiable from the information and records in the possession or control of the Defendant.

37.     The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

38.     This Class is believed to comprise many consumers, the joinder of whom is impracticable both because of their number and because they are spread out across the state of Missouri.  Moreover, the amount of damages suffered individually by each member is so small as to make suit for its recovery by each one economically unfeasible.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

39.      Class treatment will provide substantial benefit to both the parties and the court system.  A well-defined commonality of interest in the questions of law and fact involved affects Plaintiff and all proposed members of the Class.

40.      There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members.  The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled.  The principal common issues include, but are certainly not limited to the following:

  a.  Whether Michaels charged and collected an incorrect tax rate on sales of its products through remote sales channels, including Michaels's internet website, to Missouri purchasers that were delivered from an out-of-state facility;

  b.  Whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility constituted an unlawful practice;

  c.  Whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility by Michaels constituted an unfair practice;

  d.  Whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility generated a profit for Michaels;

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

e.  Whether Michaels misrepresented that a higher tax rate was owed on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

f.  Whether Michaels was negligent in calculating tax owed by its customers for purchases of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

g.  Whether Michaels was negligent in charging a higher tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

h.  Whether Michaels' practices with respect to its calculation of tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility are an unfair and unethical business practice;

i.  Whether Michaels' customers were damaged due to Michaels's unlawful tax practices;

j.  Whether Michaels should, under Missouri law, be required to return "tax" monies to Plaintiff and the Class;

k.  Whether Plaintiff and the Class conferred a benefit on Michaels in the form of money collected by Michaels as tax would be unjust;

l.  Whether Michaels should be enjoined from continuing its improper and unlawful tax practices as described above; and

m.  Whether Michaels should be required to pay attorney's fees.

41.  Plaintiff's claims are typical of the proposed Class.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

42.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claims antagonistic to those of the Class.  Plaintiff has retained competent and experienced counsel.  Undersigned counsel is committed to the vigorous prosecution of this action.

43.     The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class. The resolution of common questions in this case will resolve the claims of both Plaintiff and the Class.

44.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Class are numerous and individual joinder is impracticable.  The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.  Trial of Plaintiff's claims is manageable.

45.     Unless a class is certified, Michaels will retain monies received and Plaintiff will have suffered damages as a result of Michaels's illegal collection of taxes from Plaintiff and proposed members of the Class.  Unless a class-wide injunction is issued, Michaels will continue to commit violations against Missouri customers.

46.     This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to Mo. Rev. Stat. § 407.025.

**COUNT I:  VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**

47.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs of this Petition as if fully set forth herein.

10

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

48.    Michaels' actions alleged herein violated, and continue to violate, the Missouri Merchandising Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*

49.    Michaels is a "person" within the meaning of the MMPA, at Missouri Revised Statutes § 407.010(5).

50.    The goods purchased from Michaels are "merchandise" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(4).

51.    The goods purchased from Michaels are for personal, family or household use.

52.    The transactions resulting in purchases of goods from Michaels in Missouri are a "sale" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(6).

53.    Michaels' actions alleged herein constituted and continue to constitute, illegal deceptive practice in violation of Mo. Rev. Stat. § 407.020.1 in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

54.    Michaels' actions alleged herein violated, and continue to violate, the MMPA because they constituted, and continue to constitute, unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.  Specifically, they were and are, *inter alia*, unethical.

55.    Plaintiff and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

56.    Plaintiff and the Class seek actual damages for all monies paid in violation of Chapter 144, Missouri Revised Statutes.

57.    Appropriate injunctive relief is necessary to prevent Michaels' MMPA violations from continuing.  If Michaels' violations of the MMPA are not stopped by such injunctive relief,

11

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

Plaintiff and the members of the class will continue to suffer injury by being charged a higher tax rate on sales of products through remote sales channels, including an internet website, by Michaels that were delivered from an out-of-state facility.

58.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

<strong><u>COUNT II:  UNJUST ENRICHMENT</u></strong>

59.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs of the Petition as though fully set forth herein.

60.     As alleged above, Michaels charged and collected a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

61.     Michaels has been unjustly enriched in that they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

62.     Said funds were conferred on Michaels by Plaintiff and the Class members under a mistake of fact due to Michaels' misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

63.     Michaels' retention of these funds is unjust because Michaels misrepresented the amount of tax due for the provision of its goods and services, and collected more tax than allowed under Missouri law.

64.     Allowing Michaels to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

65.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

## COUNT III:  NEGLIGENCE

66.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs of the Petition as though fully set forth herein.

67.     Michaels owed Plaintiff and all others similarly situated a duty to exercise reasonable care to determine, represent, charge and collect the correct amount of tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

68.     Michaels was negligent and breached its duty of reasonable care in the following respects:

   a.  Incorrectly charging a higher tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

   b.  Charging a higher tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility in violation of Missouri law;

   c.  Collecting a higher tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility in violation of Missouri law;

   d.  Failing to disclose to customers that it was charging a higher tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

69.     As a direct and proximate result of Michaels' negligence, Plaintiff and all others similarly situated sustained monetary damages in the form of excessive taxes paid.

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

70.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT IV:  MONEY HAD AND RECEIVED

71.    Plaintiff incorporates by reference and re-alleges all preceding paragraphs of this Petition as if fully set forth herein.

72.    Michaels has received money from Plaintiff and the Class by charging a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility rather than the use tax rate mandated by Missouri law, which in equity and good conscience ought to be returned to Plaintiff and the Class.

73.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## PRAYER FOR RELIEF

74.    WHEREFORE, Plaintiff and each member of the proposed Class pray for a judgment:

(a) Certifying the Class as requested herein;

(b) Entering an order appointing Orlowsky Law, LLC and Goffstein Law, LLC as counsel for the Class;

(c) Awarding Plaintiff and the Class compensatory damages, including the return of the full amount of excessive taxes paid;

(d) Awarding restitution to Plaintiff and Class;

(e) Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Michaels from

14

Electronically Filed - St Louis County - August 10, 2021 - 03:57 PM

continuing the unlawful practices as set forth herein, specifically the charging of

a higher tax rate than the correct applicable use tax rate on sales of products

through remote sales channels, including an internet website, that were delivered

from an out-of-state facility;

(f)  Awarding pre-judgment interest;

(g)  Awarding post-judgment interest;

(h)  Awarding attorneys' fees and costs;

(i)  Providing such further relief as the Court may deem fair and reasonable.

## JURY DEMAND

75.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

ORLOWSKY LAW, LLC


/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7375
dan@orlowskylaw.com


GOFFSTEIN LAW, LLC


/s/ Adam M. Goffstein
Adam M. Goffstein, #45611
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7278
adam@goffsteinlaw.com

Attorneys for Plaintiff