# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **ABRAHAM LIZAMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21-cv-01133-HEA** |
| | ) | |
| **MICHAELS STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 19]. Defendant opposes the Motion and has filed a Memorandum in Opposition. For the reasons set forth below, the Motion will be granted.

## Facts and Background

This is a putative class action filed by Plaintiff in the Circuit Court of St. Louis County, Missouri on behalf of himself and all persons and entities who purchased a product from Defendant through remote sales channels, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and who were allegedly charged tax monies at a higher tax rate than the correct applicable use tax rate.

According to the Petition, Missouri law requires retailers to charge sales or use tax on the sales of their products to Missouri purchasers. Missouri state law

mandates that retailers with a tax nexus charge a use tax on sales of their products through remote means, including an internet website, telephone, catalog, or other remote communications systems (collectively, "remote sales channel(s)") to Missouri purchasers that are shipped from an out-of-state facility. The state use tax rate for these sales is 4.225%.

The Petition also claims there may be additional local use taxes that are imposed on sales made through remote sales channels based on the delivery address of the Missouri purchasers. The state use tax rate of 4.225% plus any applicable local use tax impositions is the cumulative use tax rate for any given location.

Plaintiff seeks to represent all similarly situated persons, damages for the overcollection of excess tax, and injunctive relief. Plaintiff seeks damages and costs for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo Rev. Stat. § 407.010 *et seq.*, and damages for unjust enrichment, negligence, and money had and received.

Defendant removed the case from the Circuit Court of St. Louis County on September 17, 2021. Defendant asserts original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d). The CAFA authorizes removal if there is minimal diversity, the amount in controversy exceeds $5 million in the aggregate, and the proposed class contains at least 100 members.

Defendant based the removal on the following: $723,680.00 in estimated actual damages, which it claims represents the amount of excess taxes it over-collected during the class period; a 33% attorney fee award of the estimated actual damages which would be $241,226.67; injunctive relief based on the taxes that Michaels would annually cease over-collecting, which equals a discounted $1,161,544.21 over the next 10 years and $1,857,003.63 over the next 20 years; and a "conservative estimation" of punitive damages at a ratio of 4:1 which would be $2,894,720.00 and a 27:1 ratio of $19,539,360.00.

Plaintiff disputes the basis for removal in part and adjusts as follows: $723,680.00 in estimated actual damages; a 33% attorney fee award of the estimated actual damages which would be $241,226.67; and, assuming *arguendo*, that Defendant is permitted to include the most extreme calculation of prospective injunctive relief in taxes that it would cease to collect (*i.e.*, $1,857,003.63) in its calculation of the amount in controversy, the maximum amount of controversy in this case is about $2,821,910.30 ($723,680.00 + $241,226.67 + the 20-year, 5% discounted value of $1,857,003.63). Plaintiff maintains that this is substantially below the CAFA threshold.

In its Memorandum in Opposition, Defendant re-calculated the basis for removal and is as follows: $542,760.00 in estimated actual damages; a 33% attorney fee award of the estimated actual damages which would be $180,920.00;

3

injunctive relief based on the taxes that Defendant would annually cease over-collecting, which equals a discounted $871,158.16 over the next 10 years and $1,392,752.72 over the next 20 years, and a "conservative estimation" of punitive damages at a ratio of 7:1 which would be $3,799,320.00 and a 27:1 ratio of $14,654,520.00, respectively. The amount in controversy would range from $5,394,158.16 to $16,770,952.70, all above the CAFA threshold.

## Standard of Review

CAFA "confers federal jurisdiction over class actions where, among other things, 1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate." *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006) (citing 28 U.S.C. § 1332(d)); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 886–87 (8th Cir. 2013). Plaintiff does not dispute that this action satisfies the CAFA requirements of minimal diversity and having at least 100 members. He argues, however, that Defendant has not met the burden of establishing the amount in controversy, *i.e.*, $5 million in the aggregate.

Federal courts are courts of limited jurisdiction, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted). The Court may

4

exercise jurisdiction over this removed case only if it would have had original subject-matter jurisdiction had the action initially been filed here. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). The Court reviews the state-court petition pending at the time of removal to determine the existence of subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291–92 (1938). The notice of removal may also be considered to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii).

Defendant, as the removing party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Kokkonen*, 511 U.S. at 377; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). *See also Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction."). Where, as here, "the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). The defendant need not establish that "'the damages [sought] are greater than the requisite amount, but

5

whether a fact finder might legally conclude that they are.'" *Id.* at 984 (quoting
*Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)) (emphasis in
*Hartis*) (alteration in *Pirozzi*). Where such a plausible allegation is made, "the case
belongs in federal court unless it is legally impossible for the plaintiff to recover
that much." *Id.* (internal quotation marks and citations omitted).

"[W]hen a defendant's assertion of the amount in controversy is challenged[,
however], both sides submit proof and the court decides, by a preponderance of the
evidence, whether the amount-in-controversy requirement has been satisfied." *Dart
Cherokee*, 574 U.S. at 88. If the removing party establishes by a preponderance of
the evidence that CAFA's jurisdictional minimum is satisfied, "remand is only
appropriate if the plaintiff can establish to a legal certainty that the claim is for less
than the requisite amount." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d
580, 584 (8th Cir. 2017) (internal quotation marks and citation omitted). While
generally a court must resolve all doubts about federal jurisdiction in favor of
remand to state court, *In re Prempro*, 591 F.3d at 620, "no antiremoval
presumption attends cases invoking CAFA[.]" *Dart Cherokee*, 574 U.S. at 89; *see
also Ahmad v. Panera Bread Co.*, No. 4:21 CV 311 CDP, 2021 WL 5447000, at
*1–2 (E.D. Mo. Nov. 16, 2021).

## Discussion

The parties disagree on two issues for purposes of calculating the amount in

controversy: (1) whether punitive damages may be considered and (2) how injunctive relief should be measured. Each issue will be addressed below.

1.  Punitive Damages

Plaintiff's Petition did not include a claim for punitive damages. As a result, Plaintiff contends that Defendant cannot factor punitive damages into the amount in controversy calculation. In response, Defendant states that Plaintiff could, by statute, recover punitive damages because the claim was brought under the MMPA.

Under Mo. Rev. Stat. § 510.261.5 (2020), effective for all cases filed on or after August 28, 2020, a party may not seek punitive damages in an initial pleading. A party may later amend its pleading to seek punitive damages, but only with leave of court upon a written motion that contains a claim for a punitive damage award. *Id.* When Defendant removed the case to this Court, therefore, recovery of punitive damages at the time of removal was legally impossible under Missouri law given that the petition—filed in September 2021—could not plead such a claim. According to Mo. Rev. Stat. § 509.200, any claim for punitive damages must explicitly state the amount sought to be recovered. *See Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017). Plaintiff's Petition does not seek punitive damages either by claim or in amount. Omitted claims of punitive damages are thus not considered in determining the amount in controversy. *See*

7

*Waters*, 873 F.3d at 636.

The Eighth Circuit in *Pirozzi* included punitive damages in the amount of controversy calculation because the "class action petition explicitly sought to recover punitive damages, unlike the class action complaint in *Hurst*." *Pirozzi*, 938 F.3d at 984. The Eighth Circuit in *Hurst* stated that because "punitive damages were not sought in the state court petition, such damages were legally unrecoverable under Missouri law" and therefore could not be incorporated in the calculation. *Hurst v. Nissan N. Am., Inc.*, 511 F. App'x 584, 586 (8th Cir. 2013). In sum, binding precedent demonstrates that punitive damages could be considered in the amount in controversy calculation if such damages were sought in the petition.

Here, Plaintiff did not seek or even mention punitive damages in his Petition. As a result, the Court will not include punitive damages in calculating the amount in controversy.

2. Injunctive Relief

The parties dispute the value of injunctive relief. Plaintiff asserts that relief should be measured by the value of the plaintiff's right (the "plaintiff's viewpoint" rule) and that Defendant failed to do so by incorporating the cost of prospective relief—the amount of taxes Defendant would cease over-collecting. Defendant refutes this.

At least one circuit has asserted the proposition that the cost of prospective

relief cannot be ignored when calculating the amount in controversy. *See e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). Notably, the Eighth Circuit has not yet explicitly endorsed this method. Following binding authority, it is not necessary for this Court to affirm the method of calculating prospective relief.

Assuming without deciding that the cost of prospective relief is allowed to be calculated within the value of injunctive relief, it still does not reach the amount in controversy (*i.e.*, $5 million threshold) required to establish jurisdiction under CAFA. Defendant alleges that if Plaintiff obtains permanent injunctive relief, it would result in Defendant's ceasing to collect the annual, alleged over-charged taxes in perpetuity. This ultimately would amount to a discounted amount of $871,158.16 over the next 10 years and $1,392,752.72 over the next 20 years. Even if these values are included in the amount in controversy calculation, the $5 million threshold is not met given the omission of punitive damages, as discussed earlier.

3.  Amount in Controversy

Because punitive damages cannot be considered, it is not possible that a fact finder might legally conclude that damages are greater than CAFA's threshold. Even considering Defendant's estimated injunctive relief—between $871,158.16 and $1,392,752.72 based on a 5% discounted value of the taxes that Defendant would annually cease over-collecting over the next 10 to 20 years—along with the

compensatory damages ($540,760.00) and attorneys' fees (33% of the award or $180,920.00), the total amount in controversy does not even reach $2,500,000.00. Rather, using the higher 20-year value of injunctive relief proposed by Defendant, the maximum total is calculated to $2,116,432.72, which is well below the $5 million threshold required to satisfy CAFA jurisdiction.

### Conclusion

Based upon the foregoing analysis, Defendant has not met its burden of showing that federal CAFA jurisdiction exists; Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy in this action met the $5 million threshold required for such jurisdiction at the time of removal. This matter will be remanded for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 19], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

Dated this 29th day of April, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE